**SPENCER KELLOGG & SONS, Inc., v. WILLARD, Deputy Commissioner.**

**No. 628–49.**

United States District Court
D. New Jersey.

Nov. 13, 1950.

830

Louis E. Saunders, Jersey City, N. J., for plaintiff.

Alfred E. Modarelli, U. S. Atty., by Roger M. Yancey, Asst. U. S. Atty., Newark, N. J., for defendant.

FAKE, Chief Judge.

The issues here arise under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The claimant, one Jack Sconfienza, was injured on the 25th day of January 1942, while in the employ of Spencer Kellogg & Sons, Inc. It occurred while claimant was engaged in discharging a cargo of beans from the lighter, Regent, afloat in the North River.

The record here shows that the Deputy Commissioner made certain findings bearing upon compensation to be made to the claimant. These findings resulted in an award of compensation which had been paid in full at a prior date, and insofar as the issues here are concerned, is mere surplusage. The so-called award further provided that the employer should also provide the claimant with necessary surgical and medical treatment, as long as the nature of the injury and the process of recovery may require. The basic question in this case is whether the plaintiff. is liable for such additional medical treatment.

It is argued that Sec. 13 of the act places the burden on the claimant of making his claim for such treatment within one year after the injury or last payment which claimant has failed to do.

In Marshall v. Pletz, 317 U.S. 383, 63 S.Ct. 284, 289, 87 L.Ed. 348, after a study of certain pertinent provisions of the act, the Supreme Court came to the conclusion that "the terms 'payment' and 'compensation' used in § 13(a) [of the act] refer to the periodic money payments" only. It follows, therefore, that Sec. 13 cannot be read as a limitation against a claim for medical or surgical treatment as here under consideration.

The order complained of is affirmed, and the complaint is dismissed.